R. B. CROUCH & COMPANY, Respondent, v. JAMES R. HANCE, Appellant.

### St. Louis Court of Appeals, April 9, 1895.

1. Justices' Courts: SUFFICIENCY OF ACCOUNT. An account filed in this cause with a justice of the peace was held sufficient to constitute a cause of action, it appearing that it had been presented to the defendant for payment before suit; that he had then admitted its correctness; that he was fully aware of the matters covered by the charges in it, and that he had gone to trial in the circuit court without objection to its sufficiency.

2. ———: ———. That a suit instituted before a justice of the peace has been prosecuted to final judgment in a firm name is not ground for arresting the judgment.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*J. D. Barnett* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—This suit was instituted before a justice of the peace on the following account:

CHICAGO, Ill., Jan. 2, 1894.

*Mr. James R. Hance, Montgomery City, Mo.*

In account with R. B. Crouch & Co., S. E. cor. Randolph and Market streets.

SALT.

| | | |
|---|---|---|
| 1892, May 4, to mdse, 02318......$130.00 | | |
| 1893, Jan. 10................... 5.00 | | |
| | 135.00 | |

| | | |
|---|---|---|
| 1892,    Cr. | | |
| May 18, Frt....................$ 60.56 | | |
| Dec. 3, Cash............. ..... 14.44 | | |
| 1893. | | |
| Jan. 6, Cash.................... 5.00 | | |
| Jan. 13, Cash.................. 5.00 | 85.00 | |
| | | $50. |

"We render statements of all accounts on the first of each month, whether due or not. However, if above is correct and due, you will please remit before ——— inst., or will make sight draft for the amount on that date."

The defendant suffered a default before the justice, and took an appeal to the circuit court. He appeared in the circuit court, and, without objecting to the sufficiency of the statement, went to trial. Upon the trial, one of the plaintiff's counsel testified that he presented this account to the defendant, who told him he did not have the money to pay the claim, but that he would pay the account as soon as he could, since it was a just one; that the items therein set out were correct, and that he bought and received the goods as shown by the account. The defendant offered no evidence, and the court rendered judgment for plaintiff for $50.

The defendant appeals, and assigns for error that the account filed is insufficient to constitute a cause of action. We need not speculate whether the account filed would have been sufficient in the absence of defendant's appearance and the evidence adduced. The evidence clearly shows that the identical account was presented to defendant, and that he admitted its correctness and sufficiency, and that the amount claimed thereon was justly due. The evidence establishes the fact that the defendant was fully aware with what he was charged, and by whom he was charged. That the suit has been prosecuted to final judgment in a firm name is no ground for arresting the judgment. *Fowler & Wild v. Williams*, 62 Mo. 404. To reverse the judgment, under these circumstances, on account of the insufficiency of the account filed would be in contravention of the mandate of section 2303, of the Revised statutes of 1889, which prohibits us from reversing a judgment, unless we believe that error was committed

by the trial court against the appellant materially affecting the merits of the action. All the judges concurring, the judgment is affirmed.